■ In the Matter of DIANE SUTTON, Appellant, v TOWN OF SCHUYLER FALLS et al., Respondents.—Crew III, J. Appeals (1) from two orders of the Supreme Court (Plumadore, J.), entered July 15, 1991 and July 25, 1991 in Clinton County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, and (2) from an order of said court, entered October 23, 1991 in Clinton County, which denied petitioner's motion for reconsideration.

Petitioner was seriously injured on November 3, 1990 when the motorcycle on which she was a passenger failed to negotiate a sharp turn on Burnt Hill Road. This road lies at the border of the Towns of Peru and Schuyler Falls in Clinton County. A report of the accident, completed at the site by a State Trooper, noted that an apparent contributing factor was the "[e]xtreme soft shoulder—sand only—causing tire to sink in". Petitioner asserts that she retained counsel to represent her in connection with this accident approximately 45 days after its occurrence. A notice of claim, however, was not filed within the 90-day period specified in General Municipal Law § 50-e (1) (a) because of uncertainty as to the public entity responsible for Burnt Hill Road and a clerical mistake in the office of petitioner's attorney. On March 21, 1991, 49 days after the 90-day expiration date of February 1, 1991, and almost five months after the accident, petitioner sought leave to serve late notices of claim upon respondents. The proposed notices of claim stated that respondents were negligent in that

"although the road made a 90 degree left hand turn * * * there was no lighting on the roadway, no warnings of any kind of the dangerous curve and the shoulder of the road consisted of extremely soft sand". Supreme Court denied petitioner's application. Thereafter, petitioner sought reargument and renewal of her application which Supreme Court, treating the motion solely as one for reargument, denied. These appeals by petitioner ensued.*

General Municipal Law § 50-e permits courts to evaluate requests for relief from the 90-day filing requirement by striking an equitable balance between a public corporation's need for prompt notification of a claim against it and an injured party's interest in just compensation (see, *Matter of Ferrer v City of New York,* 172 AD2d 240, 241; *Matter of Gerzel v City of New York,* 117 AD2d 549, 550; *Heiman v City of New York,* 85 AD2d 25, 28). In determining whether to grant permission to file a late notice of claim, courts are required to consider all relevant facts and circumstances, particularly whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and whether the delay substantially prejudiced preparation of a defense (General Municipal Law § 50-e [5]; *see, Matter of Kressner v Town of Malta,* 169 AD2d 927, 928; *Hamm v Memorial Hosp.,* 99 AD2d 638).

In opposing petitioner's application, respondents contended that the failure to serve timely notices of claim would severely prejudice their ability to defend the case on the merits. Emphasizing that petitioner's potential action was based, in large part, upon allegations of an extremely soft shoulder, respondents argued that it would be impossible for them to investigate the facts and circumstances of the accident given that the condition of the roadway and shoulder would have been drastically altered by the extensive plowing, sanding, salting, and snow and ice removal that occurred throughout the winter and early spring. In denying petitioner's application, Supreme Court agreed.

We reverse. Inasmuch as Supreme Court and respondents recognize that some plowing, sanding, salting, and snow and ice removal would have occurred within the 90-day period

---

* Petitioner appeals from the orders of Supreme Court only insofar as they apply to respondent Town of Schuyler Falls and respondent Town of Peru. Petitioner does not appeal from the orders as they apply to respondent Clinton County. Therefore, Schuyler Falls and Peru will hereinafter collectively be referred to as respondents.

from November 3, 1990 to February 1, 1991, it is highly unlikely that the conditions existing at the time of the accident would have existed until the end of the 90 days in which a claim could have been timely filed *(see, Matter of Ferrer v City of New York, supra)*. We therefore conclude that respondents' investigations of petitioner's claim were no more hindered on March 21, 1991 than they would have been had notice been served on February 1, 1991, and that the 49-day delay has not substantially prejudiced respondents *(see, Matter of Ferrer v City of New York, supra; Rosenblatt v City of New York,* 160 AD2d 927, 928). Upon evaluating all the facts and circumstances presented by petitioner's application, including the minimal delay and the absence of any prejudice to respondents in their investigation of petitioner's allegations of negligent design, signing and lighting of the roadway, we conclude that Supreme Court improvidently exercised its discretion in denying petitioner leave to adjudicate her claim on the merits *(see, Matter of Ferrer v City of New York, supra)*. In so holding, we need not address petitioner's appeal from Supreme Court's order of October 23, 1991 which treated her motion for reconsideration solely as a motion for reargument.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the orders entered July 15, 1991 and July 25, 1991 are reversed, on the law, with costs, and petitioner's motion to file late notices of claim granted. Ordered that the appeal from order entered October 23, 1991 is dismissed, as academic.