■ DANIEL STEIGER, an Infant, by His Father and Natural Guardian, DANIEL A. STEIGER, et al., Appellants, v BOARD OF EDUCATION FOR CONNETQUOT CENTRAL SCHOOL DISTRICT OF ISLIP et al., Respondents. [595 NYS2d 827] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated November 1, 1990, which granted the defendants' motion to dismiss the complaint and denied their cross motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The purpose of a timely served notice of claim pursuant to General Municipal Law § 50-e is to advise a municipal defendant of a possible lawsuit and to give it an opportunity to investigate the alleged cause of the accident before the scene of the accident changes or memories of witnesses fade *(see, Caselli v City of New York,* 105 AD2d 251; *Matter of Somma v City of New York,* 81 AD2d 889). The notice of claim may not be served after the Statute of Limitations of one year and 90 days has run *(Matter of Beary v City of Rye,* 44 NY2d 398). Further, even if the Statute of Limitations has been tolled, if a municipal defendant does not have notice of the incident complained of within the time that a notice of claim is required to be served or within a reasonable time thereafter, a motion for leave to serve a late notice of claim should be denied. At bar, the defendants did not have any notice of the accident before the service upon the Edith L. Slocum Elementary School of a notice of claim three years after the incident allegedly occurred. Thus, the motion was properly denied. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.