■ In the Matter of Howard White, Respondent, v New York City Housing Authority, Appellant. [610 NYS2d 90] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated February 27, 1992, as granted the application.

Ordered that the order is affirmed, with costs.

It is well settled that in determining an application for leave to serve a late notice of claim, the court must consider all relevant factors, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795; *Matter of Farrell v City of New York,* 191 AD2d 698; *Carbone v Town of Brookhaven,* 176 AD2d 778). The question of whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court *(see, Matter of Townsend v New York City Hous. Auth., supra; Ortega v New York City Hous. Auth.,* 167 AD2d 337). In the case at bar, the petitioner's submissions, which included hospital records, indicate that the petitioner was shot by armed robbers inside of an apartment building owned by the appellant on April 3, 1991. The petitioner was rendered a paraplegic as a result of the shooting, and he remained hospitalized for well over four months. We further note that the petitioner sought leave to serve a late notice of claim approximately six weeks after his release from the hospital, and that the appellant conducted an investigation into the shooting, and has raised only a conclusory claim of prejudice. Under these circumstances, we cannot say that the Supreme Court improvidently exercised its discretion in granting the petitioner's application *(see, Matter of Townsend v New York City Hous. Auth., supra; Matter of Farrell v City of New York, supra).* Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.