■ In the Matter of JOSEPH DeMOLFETTO, Appellant, v CITY OF NEW YORK, Respondent. [627 NYS2d 448] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 17, 1993, which denied the application, and (2) so much of an order of the same court, dated August 6, 1993, as upon, in effect, granting reargument adhered to its prior determination.

Ordered that the appeal from the order dated February 17,

1993, is dismissed, as that order was superseded by the order dated August 6, 1993, made upon reargument; and it is further,

Ordered that the order dated August 6, 1993, is reversed insofar as appealed from, on the law and as a matter of discretion, the order dated February 17, 1993, is vacated, the application is granted, and the notice of claim is deemed served; and it is further,

Ordered that the petitioner is awarded two bills of costs.

The petitioner was injured in a motor vehicle accident which occurred on January 9, 1991. He alleges that the accident was caused by the negligence of the City of New York in, *inter alia,* its design and maintenance of highway exits and entrances leading to and from Hamilton Avenue in the vicinity of the Brooklyn-Queens Expressway in Brooklyn. The instant application for leave to serve a late notice of claim was brought by order to show cause on April 7, 1992, exactly one year and 90 days after the petitioner's cause of action accrued. The Supreme Court denied the petitioner's application for leave to serve a late notice of claim and we now reverse.

The Supreme Court improvidently exercised its discretion in denying the petitioner's application for leave to serve a late notice of claim. The record demonstrates that the petitioner sustained serious head injuries as a result of the accident which required surgery and a lengthy rehabilitative process. Consequently, we are satisfied that the petitioner adequately demonstrated that his delay in serving a notice of claim was directly attributable to his medical condition *(see, Matter of White v New York City Hous. Auth.,* 203 AD2d 371; *Matter of Strauss v New York City Tr. Auth.,* 195 AD2d 322). While the police report of the accident was not sufficient to afford the respondent with prompt notice of the essential facts underlying the claim *(see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767), the respondent has failed to demonstrate how it was prejudiced by the lack of prompt notice. Indeed, the basis of the petitioner's claim is that certain highway exits and entrances leading to and from Hamilton Avenue were defectively designed. There is no evidence in the record that any subsequent design changes have been made which will impede the respondent's ability to investigate the petitioner's claim *(see, Innes v County of Genesee,* 99 AD2d 642, *affd* 62 NY2d 779; *see also, Matter of Sutton v Town of Schuyler Falls,* 185 AD2d 430). Furthermore, we note that counsel for the petitioner moved with great dispatch in filing a notice of claim and commencing the instant proceeding within a matter of days af-

ter being retained by the petitioner so as not to compound the delay. Accordingly, under the foregoing circumstances, the petitioner's application should have been granted. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.