■ MARY A. GANGLOFF, Individually and as Parent and Legal Guardian of SHANNON RIEDEL, an Infant, Appellant, v EAST ISLIP SCHOOL DISTRICT, Also Known as ISLIP TERRACE JUNIOR HIGH SCHOOL, Respondent. [657 NYS2d 777] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 20, 1996, which denied their application for leave to serve a late notice of claim and granted the cross motion by the defendant to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Shannon Riedel was allegedly injured while on property owned by the defendant, and she and her mother thereafter commenced this action to recover damages. Upon review of the record, it is clear that the defendant did not acquire actual knowledge of the essential facts constituting the

plaintiffs' claims within 90 days of the accrual thereof or within a reasonable time thereafter *(Matter of O'Dowd v City of New York,* 226 AD2d 642; *Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605; *Matter of Sosa v City of New York,* 206 AD2d 374; *Matter of Perry v City of New York,* 133 AD2d 692, 693). The student incident report and the accident and sickness proof of loss form relied upon by the plaintiffs contained contradictory information as to how and where the accident occurred, and were inadequate to give notice either of the nature and severity of the injuries ultimately claimed, or that the injuries arose from a slippery condition of such a nature that it constituted a trap *(see, Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493). Accordingly, because the defendant would be substantially prejudiced if required to defend against the plaintiffs' claims, the court did not improvidently exercise its discretion in denying the plaintiffs' motion to serve a late notice of claim *(see, Matter of Mondaca v County of Westchester,* 195 AD2d 511; *Steiger v Board of Educ.,* 192 AD2d 517; *Brown v New York City Tr. Auth.,* 172 AD2d 178, 180). O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.