VALERIE MORE, Individually and as Parent and Guardian of BRANDY MORE, an Infant, Respondent, v GENERAL BROWN CENTRAL SCHOOL DISTRICT, Appellant. [691 NYS2d 850] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this negligence action seeking damages for injuries sustained by her 15-year-old daughter while doing a back flip in gym class. Plaintiff contends that defendant was negligent in requiring that her daughter's grade be based upon the difficulty of the gymnastic maneuver.

Supreme Court properly granted plaintiff's motion to file a late notice of claim. "The three key factors in determining whether leave to file a late notice of claim should be granted are whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense" (*Hilton v Town of Richland,* 216 AD2d 921). Plaintiff had a reasonable excuse for failing to file a timely notice of claim because her daughter was unaware of the extent of her injuries until after the expiration of the 90-day period. Defendant either had actual notice of the incident on the day that it happened or had notice within one month after the extent of the injuries were known. In any event, the total time that elapsed from the date of the incident to the notice was no more than five months. Nor was defendant prejudiced by the delay; the passage of time does not prevent defendant from investigating this claim (*cf., Gangloff v Islip School Dist.,* 240 AD2d 366; *Matter of Hubbard v City School Dist.,* 204 AD2d 721; *Matter of Salyer v Valley Cent. School Dist.,* 163 AD2d 782, *lv denied* 78 NY2d 851). (Appeal from Order of Supreme

Court, Jefferson County, Gilbert, J.—Notice of Claim.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.