▬ In the Matter of DELREATA GREENE, Appellant, v ROCHESTER HOUSING AUTHORITY, Respondent. [709 NYS2d 767] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying claimant's motion for leave to serve a late notice of claim against defendant pursuant to General Municipal Law § 50-e (5). In determining whether to grant leave to serve a late notice of claim, the critical factors to consider are whether claimant had a reasonable excuse for the delay, whether the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality (*see, More v General Brown Cent. School Dist.*, 262 AD2d 1030; *Williams v City of Niagara Falls*, 244 AD2d 1006). Claimant established a reasonable excuse for the delay; she averred that she was unaware during the initial 90-day period of the seriousness of her injury and its permanency (*see, More v General Brown Cent. School Dist., supra*) or that the apartment complex was owned by defendant (*see, Matter of Nickerson v County of Jefferson*, 199 AD2d 1070). Although defendant contends that there was additional delay between the time when claimant consulted with her attorney and the time when she made the motion, that delay was minimal (*see, Matter of Castellano v New York City Hous. Auth.*, 212 AD2d 606, 607).

Although defendant contends that it lacked notice and hence any opportunity to investigate the allegedly defective condition, we note that claimant alleges that defendant was negligent in designing the parking lot in such a way as to allow snow and ice to accumulate around a drain, and in clearing snow and ice only during the week and not on weekends. Defendant is charged with actual or constructive notice of that allegedly defective condition and negligent policy (*see, Matter of Mahan v Board of Educ.*, 269 AD2d 834), which were recurrent or static and of defendant's own making. Defendant is unable to demonstrate prejudice as a result of the delay because the allegedly defective conditions are "not transitory or likely to dissipate over the period of the delay" (*Matter of Silva v City of New York*, 246 AD2d 465, 466). (Appeal from Order of Supreme Court, Monroe County, Barry, J.—Notice of Claim.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.