■ In the Matter of TERESA McHUGH et al., Appellants, v CITY OF NEW YORK et al., Respondents. [739 NYS2d 449] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Lisa, J.), dated April 30, 2001, which denied their application.

Ordered that the order is reversed, as a matter of discretion, with costs, the application is granted, and the notice of claim is deemed served.

The Supreme Court improvidently exercised its discretion in denying the petitioners' application for leave to serve a late notice of claim. The record demonstrates that, as a result of the accident, the petitioner Teresa McHugh sustained serious injuries to her neck and internal organs, which required surgery and a lengthy rehabilitative process. We are satisfied that the petitioners adequately demonstrated that the delay in serving a notice of claim was directly related to the injured petitioner's medical condition (*see Matter of DeMolfetto v City of New York,* 216 AD2d 296). While the police report of the accident was not sufficient to afford the respondent with prompt notice of the essential facts underlying the claim (*id.*), the respondent failed to demonstrate how it was prejudiced by the lack of prompt notice. Notably, the basis of the petitioners' claim is "[t]his accident would have been prevented by the presence of a 'jersey barrier' or an appropriate median barrier or roadway divider at the location of the occurrence." There is no evidence in the record that any design changes were made subsequent to the subject accident which would impede the respondents' ability to investigate the petitioners' claim (*id.*). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.