■ In the Matter of MARGARET BITETTO, Respondent, v CITY OF YONKERS, Appellant. [785 NYS2d 745]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered November 20, 2003, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

In deciding whether to permit the service of a late notice of claim, a court generally will consider three factors: (1) whether the petitioner demonstrated a reasonable excuse for the delay, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Jasinski v HB Ward Tech. School,* 306 AD2d 347 [2003]; *Matter of Lorseille v New York City Hous. Auth.,* 295 AD2d 612 [2002]; *Matter of Lyerly v City of New York,* 283 AD2d 647 [2001]). The determi-

nation whether to grant leave to serve a late notice of claim is a question committed to the sound discretion of the court (*see Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579 [1994]).

The Supreme Court providently exercised its discretion in granting the petition. The petitioner moved for leave to serve a late notice of claim only one month and one day beyond the applicable period (*see Matter of Irizarry v City of Yonkers,* 193 AD2d 746 [1993]). Her reasons for the delay were that she had broken her wrist, which required surgery, and her father died while he was on a trip abroad (*see Silva v City of New York,* 246 AD2d 465 [1998]). Furthermore, the respondent received actual notice of the sidewalk condition that allegedly caused the petitioner's fall, as it allegedly was the cause of another injury which was the subject of a prior claim (*see Matter of Ramirez v City of White Plains,* 306 AD2d 488 [2003]). Finally, the respondent suffered no prejudice as a result of the delay. The uneven condition of the sidewalk, caused by the pressure of the roots of an adjacent tree which caused water to accumulate and freeze, was not transient in nature (*see Matter of Irizarry v City of Yonkers, supra; Matter of Greene v Rochester Hous. Auth.,* 273 AD2d 895 [2000]). H. Miller, J.P., S. Miller, Spolzino and Skelos, JJ., concur.