In the Matter of EILEEN ANDREYEV et al., Appellants, v TOWN OF BABYLON et al., Respondents. [812 NYS2d 381]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated July 7, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the petition is granted, and the proposed notice of claim is deemed served.

In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a rea-

sonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Valestil v City of New York,* 295 AD2d 619 [2002]).

Under the circumstances of this case, where the appellants demonstrated a reasonable excuse for the delay in moving for leave to serve a late notice of claim and the respondents failed to demonstrate that the delay would substantially prejudice them, the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late notice of claim (*see Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341 [1998]; *Matter of McHugh v City of New York,* 293 AD2d 478 [2002]; *Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695 [1996]; *Matter of DeMolfetto v City of New York,* 216 AD2d 295 [1995]). Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur. [*See* 9 Misc 3d 1113(A), 2005 NY Slip Op 51519(U) (2005).]