In the Matter of KIMBERLY HAEG, Respondent, v COUNTY OF SUFFOLK, Appellant, et al., Respondent. [817 NYS2d 125]—

In a proceeding pursuant to General Municipal Law § 50-e (5)

for leave to serve a late notice of claim, the County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), entered May 4, 2005, which granted the petition.

Ordered that the order is affirmed, with costs.

On April 21, 2004 the petitioner was seriously injured in a motor vehicle accident on Suffolk County Road 48 in the Town of Southold. The vehicle which the petitioner was operating at the time of the accident left the roadway, entered the grassy center median, and struck a concrete drainage structure. As a result of the accident, the petitioner was rendered a ventilator-dependent quadriplegic with no use of her limbs and unable to speak. She has remained hospitalized for either medical care or rehabilitation since the time of the accident.

The petitioner commenced this proceeding for leave to serve a late notice of claim by order to show cause on September 22, 2004, five months after the accident and two months after the requisite 90-day period for serving a notice of claim had expired (see General Municipal Law § 50-e [1] [a]).

The Supreme Court providently exercised its discretion in granting the petition. As a result of the accident, the petitioner sustained traumatic injuries which required surgery and continuous hospitalization for medical care and rehabilitation. The petitioner adequately demonstrated that the delay in serving a notice of claim was directly attributable to her medical condition and that she was more concerned with her health than with commencing legal action during the prescribed time period (see Matter of McHugh v City of New York, 293 AD2d 478 [2002]; Matter of Staley v Piper, 285 AD2d 601, 602 [2001]; Matter of DeMolfetto v City of New York, 216 AD2d 295, 296 [1995]; Matter of Bensen v Town of Islip, 99 AD2d 755, 756 [1984]; Flynn v City of Long Beach, 94 AD2d 713, 714 [1983]). Although the Town of Southold police report was not sufficient to afford the County prompt notice of the essential facts underlying the petitioner's claim, as it did not connect the accident to any negligence on the County's part (see Matter of Guiliano v Town of Oyster Bay, 244 AD2d 408, 409 [1997]; Caselli v City of New York, 105 AD2d 251, 258 [1984]), the County has failed to demonstrate how it was prejudiced by the lack of timely notice. The basis for the petitioner's claim is that the impact and her injuries would have been less severe had a guardrail been erected in front of the concrete drainage structure. However, the County presented no evidence that the roadway, grassy median, or concrete drainage structure had undergone any changes since the accident that would impede a current investigation of the area (see Bovich v East Meadow Pub. Lib.,

16 AD3d 11, 21 [2005]; *Matter of McHugh v City of New York, supra* at 478; *Matter of DeMolfetto v City of New York, supra*). Further, the condition of the median and concrete structure, i.e., the absence of a guardrail, is a permanent, as opposed to a transitory, condition, thus not subject to physical changes due to the mere passage of time (*cf. Matter of Turner v Town of Oyster Bay*, 268 AD2d 526 [2000]; *Caselli v City of New York, supra* at 253). Under the particular circumstances of this case, the unavailability of the subject vehicle is not a sufficient reason to deny the instant application.

The County's remaining contentions are without merit. Adams, J.P., Crane, Spolzino and Dillon, JJ., concur.