■ GEORGEANNA McBEE, Respondent, v COUNTY OF ONON-DAGA, Appellant. [826 NYS2d 531]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered December 1, 2005 in a personal injury action. The order granted plaintiff's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly exercised its broad discretion in granting plaintiff's application pursuant to General Municipal Law § 50-e (5) seeking leave to serve a late notice of claim (*see Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]). Contrary to defendant's contention, plaintiff demonstrated a reasonable excuse for her delay (*see Matter of Greene v Rochester Hous. Auth.*, 273 AD2d 895 [2000]). Further, although defendant did not have actual notice of the facts underlying the claim within 90 days following plaintiff's accident, defendant failed to establish that it was prejudiced by the lack of timely notice (*see Matter of Haeg v County of Suffolk*, 30 AD3d 519, 520 [2006]; *Matter of McHugh v City of New York*, 293 AD2d 478 [2002]). According to plaintiff, defendant was negligent in its design of its recreation trail in Onondaga Lake Park, and "[t]here is no evidence in the record that any design changes were made subsequent to the subject accident which would impede [defendant's] ability to investigate [plaintiff's] claim" (*McHugh*, 293 AD2d at 478; *see Haeg*, 30 AD3d at 520-521; *see also Matter of Bitetto v City of Yonkers*, 13 AD3d 367, 368 [2004]; *Greene*, 273 AD2d 895 [2000]). Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.

■ In the Matter of CORY COSTNER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [823 NYS2d 722]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [Paula L. Feroleto, J.], entered November 28, 2005) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.