■ In the Matter of DAVID HALL, Respondent, v MADISON-ONEIDA COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Also Known as MADISON-ONEIDA COUNTY BOCES, Appellant. (Appeal No. 1.) [885 NYS2d 690]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered June 16, 2008. The order granted claimant's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). "The court is vested with broad discretion to grant or deny [such an] application" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]) and, although claimant failed to offer a reasonable excuse for his failure to serve the notice of claim within the statutory 90-day period (*see* General Municipal Law § 50-e [1] [a]), that failure " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]' " (*Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1053 [2004]; *see Matter of LaMay v County of Oswego*, 49 AD3d 1351, 1352 [2008], *lv denied* 10 NY3d 715 [2008]). Here, claimant "made a persuasive showing that [respondent] . . . 'acquired actual knowledge of the essential facts constituting the claim' . . . [and respondent has] made no particularized or persuasive showing that the delay caused [it] substantial prejudice" (*Wetzel Servs. Corp.*, 207 AD2d 965 [1994]). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.