■ Rocco C. Orlando, Respondent, v Roger C. Gauda, Appellant. [902 NYS2d 477]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered April 28, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant for summary judgment and granted the cross motion of plaintiff for partial summary judgment.

Now, upon reading and filing the stipulation of discontinuance of appeal signed by the attorneys for the parties on March 18, 2010, it is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.

■ In the Matter of Ada Rodriguez, Respondent, v Western Regional Off-Track Betting Corporation, Appellant. [902 NYS2d 477]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 11, 2009. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimant's application seeking leave to serve a late notice of claim on respondent pursuant to General Municipal Law § 50-e (5). In support of her application, claimant established that she was unaware of the severe or permanent nature of her injuries until after the expiration of the statutory time period, and we thus conclude that she thereby established a reasonable excuse for the delay (*see Matter of Greene v Rochester Hous. Auth.*, 273 AD2d 895 [2000]; *More v General Brown Cent. School Dist.*, 262 AD2d 1030 [1999]; *Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854 [1992]). Further, it is undisputed that respondent had actual notice of claimant's accident inasmuch as the record establishes that respondent was immediately notified of the accident, prepared an accident report, and took photographs of the sidewalk where claimant fell and, finally, respondent failed to demonstrate any prejudice occasioned by claimant's 29-day delay in serving the notice of claim (*see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434 [2009]; *Matter of Bitetto v City of Yonkers*, 13 AD3d 367, 368 [2004]; *Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965 [1994]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.