■ Robert M. Carpenter et al., Respondents, v NY Advance Electric, Inc., et al., Respondents, and Village of Canajoharie et al., Appellants. [908 NYS2d 297]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 17, 2009. The order granted the motion of plaintiffs for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants Village of Canajoharie (Village) and its Wastewater Treatment Facility, along with their respective agents, servants and/or employees (hereafter, Village defendants) appeal from an order granting plaintiffs' application for leave to serve a late notice of claim against the Village pursuant to General Municipal Law § 50-e (5). We reject at the outset the contention of the Village defendants that plaintiffs commenced this action in an improper venue and thus that Supreme Court should have denied plaintiffs' application on that ground. "[T]he venue provisions of CPLR article 5 are not jurisdictional" (*Iglesia v Iglesia*, 292 AD2d 424, 425 [2002]), and thus an allegedly improper venue "is no jurisdictional impediment" (*Kurfis v Shore Towers Condominium*, 48 AD3d 300, 300 [2008]). To the extent that the Village defendants contend that a different rule applies under CPLR 504 with respect to actions commenced against a municipality, that contention is likewise without merit. "CPLR 504 is no more jurisdictional than any other venue provision" (*Anzalone v City of New York*, 32 AD3d 408, 408 [2006] [internal quotation marks omitted]). Accordingly, in the absence of a motion for a change of venue or the consent of the parties to change venue, the court properly decided plaintiffs' application (*see* CPLR 509; *Iglesia*, 292 AD2d at 425; *Agway, Inc. v Kervin*, 188 AD2d 1076 [1992]).

We reject the further contention of the Village defendants that the court erred in granting the application on the merits. " 'The court is vested with broad discretion to grant or deny [an] application' " for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009]), and we perceive no abuse of discretion in this case. Even assuming, arguendo, that the reasons set forth by plaintiffs for failing to serve a timely notice of claim were insufficient, we note that the failure to offer a reasonable excuse " 'is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice' " to the Village (*Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1053 [2004]; *see Joyce P. v City of Buffalo*, 49 AD3d 1268 [2008]). Indeed, according to an affidavit of John Scott, the superintendent of the water treat-

ment facility, he learned of the accident shortly after it occurred. The record also contains an affidavit of defendant Thomas M. Roman, the president of defendant NY Advance Electric, Inc., stating that his company was at the work site to assist in placing new electrical cables and that he informed Scott of the accident. He further stated that Scott saw Robert M. Carpenter (plaintiff) after the accident, at which time plaintiff had a cut on his head, and that Scott knew that plaintiff had been taken by ambulance to the hospital. The statement of Scott in his affidavit that he did not conduct an investigation into the cause of the October 2007 accident until January 2009, upon learning that there was a claim against the Village defendants, is insufficient to defeat plaintiffs' motion. In determining whether to grant an application for leave to serve a late notice of claim, the relevant inquiry is whether there was actual knowledge of the facts constituting the claim within a reasonable time after the underlying incident (*see* General Municipal Law § 50-e [5]), not whether an investigation was conducted. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.