■ VALERIE SHANE, Appellant, v CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY et al., Respondents. [914 NYS2d 810]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 25, 2010. The order denied the motion of plaintiff for leave to file and serve a late notice of claim.

It is hereby ordered that the order so appealed from is reversed on the law without costs and the application is granted upon condition that the proposed notice of claim is served within 20 days of the date of entry of the order of this Court.

Memorandum: We conclude that Supreme Court abused its discretion in denying plaintiff's application for leave to serve a late notice of claim. Plaintiff offered a reasonable excuse for the delay in serving a notice of claim because she was unaware of the severe or permanent nature of her injuries until after the statutory time period had elapsed (*see Matter of Greene v Rochester Hous. Auth.*, 273 AD2d 895 [2000]; *More v General Brown Cent. School Dist.*, 262 AD2d 1030 [1999]; *Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854 [1992]). In any event, the failure to offer an excuse for the delay "is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [defendants]" (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009] [internal quotation marks omitted]). The record establishes that defendants had actual knowledge of the motor vehicle accident at issue because defendants paid plaintiff's property damage claim. Once defendants were notified of plaintiff's property damage claim, they should have conducted a prompt investigation of the accident (*see Matter of Trotman v Rochester City School Dist.*, 67 AD3d 1484 [2009]). "Having failed to do so, [defendants] cannot now be heard to complain that the late filing of [the] claim will prejudice [their] preparation of a defense" (*id.* at 1485 [internal quotation marks omitted]).

All concur except Carni and Lindley, JJ., who dissent and vote to affirm in the following memorandum.

Carni and Lindley, JJ. (dissenting). We respectfully dissent and therefore would affirm the order denying plaintiff's application for leave to serve a late notice of claim. Supreme Court is " 'vested with broad discretion to grant or deny [an] application' " for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009]; *see Carpenter v NY Advance Elec., Inc.*, 77 AD3d 1344, 1345 [2010]) and, absent a clear abuse of discretion, the court's determination should not be disturbed (*see Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009]; *Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d 1414, 1415 [2008]). Here, in our view, the court's denial of the application does not constitute a clear abuse of discretion.

With respect to her excuse for failing to file a timely notice of claim, plaintiff contends that she did not know that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d) until April 2009, when she was out of work as a result of injuries that she allegedly sustained in the accident. The record demonstrates, however, that plaintiff did not file her ap-

plication for leave to serve a late notice of claim until October 2009, far more than 90 days after she allegedly learned that she sustained a serious injury. In addition, although defendants knew of the accident soon after it occurred and they compensated plaintiff for her property damage, there is no indication in the record that defendants had actual knowledge that plaintiff had been injured in the accident. "Knowledge of the injuries . . . claimed by a plaintiff, rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)" (*Lemma v Off Track Betting Corp.*, 272 AD2d 669, 671 [2000]; *see Matter of Mangona v Village of Greenwich*, 252 AD2d 732 [1998]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.