█ Patricia Terrigino et al., Appellants, v Village of
Brockport, Respondent. [930 NYS2d 744]—

Memorandum: Supreme Court abused its discretion in deny-
ing plaintiffs' motion for leave to serve a late notice of claim in
this action in which plaintiffs seek damages for injuries
sustained by plaintiff Patricia Terrigino when she tripped and
fell on a sidewalk on defendant's property. We note at the outset
that plaintiffs' motion was incorrectly characterized by the court
in the order on appeal as one for summary judgment, inasmuch
as the notice of motion specifies that plaintiffs seek leave to
serve a late notice of claim. "[T]he failure to offer an excuse for
the delay 'is not fatal where . . . actual notice was had and
there is no compelling showing of prejudice to [defendant]' "
(Shane v Central N.Y. Regional Transp. Auth., 79 AD3d 1820,
1821 [2010]; see Matter of Hall v Madison-Oneida County Bd. of
Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009]). The record
establishes that defendant "acquired actual knowledge of the
essential facts constituting the claim" within a reasonable time
after the 90-day period in which the notice of claim was required
to be served (General Municipal Law § 50-e [5]; see § 50-e [1]
[a]). In addition, defendant " 'failed to substantiate [its]
conclusory assertions that [it was] substantially prejudiced by
the . . . delay' " (Matter of LaMay v County of Oswego, 49 AD3d
1351, 1352 [2008], lv denied 10 NY3d 715 [2008]; see Matter of
Gilbert v Eden Cent. School Dist., 306 AD2d 925, 926-927
[2003]).

Finally, we cannot conclude at the preliminary stage of this
action that plaintiffs' claim is "patently meritless" due to the
lack of prior written notice to defendant of the allegedly danger-
ous condition in the sidewalk, as required by section 39-3 of de-
fendant's Code of the Village of Brockport (Matter of Catherine
G. v County of Essex, 3 NY3d 175, 179 [2004]). The lack of such
prior written notice will not bar a claim where "the locality cre-

ated the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]). Indeed, plaintiffs alleged an affirmative act of negligence by defendant in their untimely served "Notice of Intention to File [a] Claim," and discovery is necessary in order to test the validity of that allegation (*see Miller v County of Sullivan*, 36 AD3d 994, 996-997 [2007]). Present—Centra, J.P., Fahey, Sconiers, Green and Martoche, JJ.