# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1019**
**CA 11-00239**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

PATRICIA TERRIGINO AND MICHAEL TERRIGINO,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

VILLAGE OF BROCKPORT, DEFENDANT-RESPONDENT.

---

E. MICHAEL COOK, P.C., ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA, LLP, ROCHESTER (TIMOTHY P. WELCH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 22, 2010 in a personal injury action. The order denied the motion of plaintiffs for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the notice of claim is deemed timely served nunc pro tunc.

Memorandum: Supreme Court abused its discretion in denying plaintiffs' motion for leave to serve a late notice of claim in this action in which plaintiffs seek damages for injuries sustained by plaintiff Patricia Terrigino when she tripped and fell on a sidewalk on defendant's property. We note at the outset that plaintiffs' motion was incorrectly characterized by the court in the order on appeal as one for summary judgment, inasmuch as the notice of motion specifies that plaintiffs seek leave to serve a late notice of claim. "[T]he failure to offer an excuse for the delay 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [defendant]' " (*Shane v Central N.Y. Regional Transp. Auth.*, 79 AD3d 1820, 1821; *see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435). The record establishes that defendant "acquired actual knowledge of the essential facts constituting the claim" within a reasonable time after the 90-day period in which the notice of claim was required to be served (General Municipal Law § 50-e [5]; *see* § 50-e [1] [a]). In addition, defendant " 'failed to substantiate [its] conclusory assertions that [it was] substantially prejudiced by the . . . delay' " (*Matter of LaMay v County of Oswego*, 49 AD3d 1351, 1352, *lv denied* 10 NY3d 715; *see Matter of Gilbert v Eden Cent. School Dist.*, 306 AD2d 925, 926-927).

Finally, we cannot conclude at the preliminary stage of this action that plaintiffs' claim is "patently meritless" due to the lack of prior written notice to defendant of the allegedly dangerous condition in the sidewalk, as required by section 39-3 of defendant's Code (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179). The lack of such prior written notice will not bar a claim where "the locality created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474; *see Oboler v City of New York*, 8 NY3d 888, 889). Indeed, plaintiffs alleged an affirmative act of negligence by defendant in their untimely served "Notice of Intention to File [a] Claim," and discovery is necessary in order to test the validity of that allegation (*see Miller v County of Sullivan*, 36 AD3d 994, 996-997).

Entered: October 7, 2011                    Patricia L. Morgan
                                            Clerk of the Court