In the Matter of LEANNE LEVIN et al., Appellants, v COUNTY OF WESTCHESTER, Respondent. [936 NYS2d 269]—

On September 1, 2009, the petitioner Leanne Levin (hereinafter Levin) was allegedly injured while stepping off a ride at the Rye Playland amusement park, which is owned and operated by the County of Westchester. According to Levin, because the platform next to the ride was too narrow, her foot missed the

platform and she fell two feet to the concrete below. Levin sustained a fracture to her right leg which required three surgeries between the time of the accident and February 12, 2010. After the second surgery, on October 16, 2009, she suffered a morphine overdose and remained in the hospital until October 21, 2009. Hospital records showed that she left the hospital in a wheelchair accompanied by a private nurse. According to Levin, she remained homebound as a result of excruciating pain through the end of December 2009. On March 7, 2010, about three weeks after her third surgery on February 12, 2010, Levin retained a law firm to inquire about her rights regarding making a claim to recover damages for her injuries. By order to show cause dated April 5, 2010, Levin and her husband Allan Levin commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on the County with respect to claims to recover damages for personal injuries and loss of services.

The Supreme Court improvidently exercised its discretion in denying the petition. The petitioners adequately demonstrated that, under the particular circumstances of this case, the delay in serving a notice of claim was directly attributable to Levin's medical condition and that they were more concerned with her health than with commencing legal action during the prescribed time period (*see Matter of Godoy v Nassau Health Care Corp.,* 49 AD3d 541, 543 [2008]; *Matter of Haeg v County of Suffolk,* 30 AD3d 519, 520 [2006]; *Matter of Staley v Piper,* 285 AD2d 601, 602 [2001]). Moreover, although an incident report prepared by a County employee on the date of the accident was insufficient to afford the County prompt notice of the essential facts constituting the petitioners' claims, as it did not connect the accident to any negligence on the County's part (*see Matter of Catuosco v City of New York,* 62 AD3d 995, 996 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 149-150 [2008]), under the circumstances of this case, the petitioners demonstrated that the delay will not substantially prejudice the County in maintaining its defense on the merits. The basis of the petitioner's claim is that the platform next to the ride was negligently designed. There is no evidence in the record that any subsequent design changes were made which will impede the County's ability to investigate the petitioner's claim (*see Matter of Haeg v County of Suffolk,* 30 AD3d at 520; *Matter of McHugh v City of New York,* 293 AD2d 478 [2002]; *Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695 [1996]; *Matter of DeMolfetto v City of New York,* 216 AD2d 295, 296 [1995]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.