In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Eastern Suffolk Board of Cooperative Education Services, etc., appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated August 27, 2012, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner Christopher Gunsam (hereinafter the injured petitioner) allegedly was injured when, while attending a learning center operated by the appellant, he was struck by another student’s lunch bag. The petitioners later commenced this proceeding for leave to serve a late notice of claim.
In determining whether to grant leave to serve a late notice of claim, a court must consider various factors, including whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the claimant was an infant, or mentally or physically incapacitated, (3) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 538 [2006]; Matter of McLeod v City of New York, 105 AD3d 744 [2013]; Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 146 [2008]).
Here, even if the petitioners demonstrated that the delay in *543 serving a notice of claim was directly attributable to the medical condition of the injured petitioner, and that his mother was more concerned with his health than with commencing legal action (see Matter of Levin v County of Westchester, 91 AD3d 646, 647 [2012]; Matter of Haeg v County of Suffolk, 30 AD3d 519, 520 [2006]; Matter of McHugh v City of New York, 293 AD2d 478 [2002]), the petitioners failed to proffer any excuse for their additional five-month delay after counsel was retained (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 670 [2012]; Matter of Khalid v City of New York, 91 AD3d at 780; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]).
Furthermore, while the principal and the nurse of the learning center, and the injured petitioner’s aide, were aware that the injured petitioner was injured when he was struck by the lunch bag, the petitioners did not establish that the appellant had timely, actual knowledge of the essential facts underlying their claim that another student assaulted the injured petitioner as a result of the appellant’s employees’ negligent supervision (see Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106 [2007]; Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563, 564 [2006]; Matter of Scott v Huntington Union Free School Dist., 29 AD3d 1010, 1011 [2006]). In addition, the petitioners failed to demonstrate that the lengthy delay in commencing this proceeding will not substantially prejudice the appellant in maintaining its defense on the merits (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d at 670; Matter of Gobardhan v City of New York, 64 AD3d 705 [2009]; Matter of Doyle v Elwood Union Free School Dist., 39 AD3d 544, 545-546 [2007]).
Under these circumstances, the petition should have been denied and the proceeding dismissed. Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.