■ AMY SHAUL, as Parent and Natural Guardian of ADDISON HERNQUIST, an Infant, Respondent, v HAMBURG CENTRAL SCHOOL DISTRICT, Appellant. [8 NYS3d 522]—

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered July 14, 2014. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Although claimant failed to demonstrate a reasonable excuse for failing to serve a timely notice of claim (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Brown v City of Buffalo*, 100 AD3d 1439, 1440 [2012]), that failure " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]' " (*Casale v Liverpool Cent. Sch. Dist.*, 99 AD3d 1246, 1246-1247 [2012]; *see Matter of Maciejewski v North Collins Cent. Sch. Dist.*, 124 AD3d 1347, 1348 [2015]). Here, claimant "made a persuasive showing that [respondent] acquired [timely] actual knowledge of the essential facts constituting the claim . . . [and respondent has] made no particularized or persuasive showing that the delay caused [it] substantial prejudice" (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009] [internal quotation marks omitted]; *see* General Municipal Law § 50-e [5]). In addition, contrary to respondent's contention, we cannot conclude at this stage of the action that the claim is "patently meritless" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *see generally Terrigino v Village of Brockport*, 88 AD3d 1288, 1288-1289 [2011]). Present—Scudder, P.J., Smith, Peradotto, Lindley and DeJoseph, JJ.