# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**503**
**CA 14-01938**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

AMY SHAUL, AS PARENT AND NATURAL GUARDIAN
OF ADDISON HERNQUIST, AN INFANT,
CLAIMANT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

HAMBURG CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (KINSEY A. O'BRIEN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MATTHEW T. MOSHER OF
COUNSEL), FOR CLAIMANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered July 14, 2014. The order granted the
application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Supreme Court
did not abuse its discretion in granting claimant's application for
leave to serve a late notice of claim pursuant to General Municipal
Law § 50-e (5). Although claimant failed to demonstrate a reasonable
excuse for failing to serve a timely notice of claim (*see Matter of
Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791; *Brown v City
of Buffalo*, 100 AD3d 1439, 1440), that failure " 'is not fatal where .
. . actual notice was had and there is no compelling showing of
prejudice to [respondent]' " (*Casale v Liverpool Cent. Sch. Dist.*, 99
AD3d 1246, 1246-1247; *see Matter of Maciejewski v North Collins Cent.
Sch. Dist.*, 124 AD3d 1347, 1348). Here, claimant "made a persuasive
showing that [respondent] acquired [timely] actual knowledge of the
essential facts constituting the claim . . . [and respondent has] made
no particularized or persuasive showing that the delay caused [it]
substantial prejudice" (*Matter of Hall v Madison-Oneida County Bd. of
Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [internal quotation marks
omitted]; *see* § 50-e [5]). In addition, contrary to respondent's
contention, we cannot conclude at this stage of the action that the
claim is "patently meritless" (*Matter of Catherine G. v County of
Essex*, 3 NY3d 175, 179; *see generally Terrigino v Village of*

*Brockport*, 88 AD3d 1288, 1288-1289).

Frances E. Cafarell
Clerk of the Court