Powell v Central N.Y. Regional Transp. Auth. (2019 NY Slip Op 00764)





Powell v Central N.Y. Regional Transp. Auth.


2019 NY Slip Op 00764


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1208 CA 18-00260

[*1]DONNA POWELL, CLAIMANT-APPELLANT,
v
CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY, RESPONDENT-RESPONDENT, ET AL., RESPONDENT. 






MCMAHON, KUBLICK & SMITH, P.C., SYRACUSE (W. ROBERT TAYLOR OF COUNSEL), FOR CLAIMANT-APPELLANT. 
MACKENZIE HUGHES LLP, SYRACUSE (SAMANTHA L. MILLIER OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Spencer J. Ludington, A.J.), entered September 23, 2016. The order denied the application of claimant for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for personal injuries that she allegedly sustained while exiting a bus owned and operated by Central New York Regional Transportation Authority (respondent), claimant appeals from an order that denied her application for leave to serve a late notice of claim. We affirm.
A notice of claim must be served within 90 days after the claim accrues, although a court may grant leave extending that time (see General Municipal Law § 50-e [1] [a]; [5]). The decision whether to grant such leave requires "consideration of all relevant facts and circumstances," including the "nonexhaustive list of factors" in section 50-e (5) (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). The three main factors are "whether the claimant has shown a reasonable excuse for the delay, whether the [respondent] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the [respondent]" (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see generally § 50-e [5]). Although "the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [public corporation] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1654 [4th Dept 2018] [internal quotation marks omitted]), including knowledge of the injuries or damages claimed (see Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1305 [4th Dept 2003], lv denied 2 NY3d 704 [2004]). The claimant bears the burden of demonstrating that the respondent had actual timely knowledge (see Szymkowiak, 162 AD3d at 1654). Absent a "clear abuse" of the court's broad discretion, "the determination of an application for leave to serve a late notice of claim will not be disturbed" (Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315 [3d Dept 2010] [internal quotation marks omitted]).
Here, claimant failed to meet her burden of demonstrating that respondent had actual knowledge of the incident, including knowledge of claimant's injuries, within 90 days of the accident. Indeed, the record establishes that claimant did not say anything to the bus driver when the accident allegedly occurred and that it was not obvious that she was injured (cf. generally Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 11 [2d Dept 1994]). Claimant's [*2]only communication with respondent about the incident within the statutory period was an anonymous telephone call that she made to respondent's general phone number, during which she did not indicate that an accident had occurred or describe her injuries (see Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1791 [4th Dept 2017]). In addition, her untimely notice of claim incorrectly identified the date on which the accident allegedly occurred. Finally, claimant became aware shortly after the incident that she was injured (cf. Shane v Cent. N.Y. Regional Transp. Auth., 79 AD3d 1820, 1821 [4th Dept 2010]), and we reject her contention that the nature of her injuries, including a torn meniscus and a bone contusion, constituted a reasonable excuse for failing to comply with the notice of claim requirement (cf. Matter of Heredia v New York City Health & Hosps. Corp., 159 AD3d 663, 664 [1st Dept 2018]). Consequently, Supreme Court did not abuse its discretion in denying her application for leave to serve a late notice of claim.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court