ROBERT WILLIAMS et al., Appellants, v CITY OF NIAGARA FALLS, Respondent. [665 NYS2d 217] —Order unanimously affirmed without costs. Memorandum: Robert Williams (plaintiff) was allegedly injured on October 12, 1995 while working on the construction of a new water treatment facility on property owned by defendant, City of Niagara Falls (City). On May 3, 1996, plaintiffs moved for leave to serve a late notice of claim. Supreme Court properly denied the motion.

Key factors that the court must consider in deciding whether to grant leave to serve a late notice of claim include whether the claimant has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts that constitute the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, General Municipal Law § 50-e [5]; Matter of Shapiro v County of Nassau, 208 AD2d 545; Matter of Sosa v City of New York, 206 AD2d 374, 375).

In support of their motion, plaintiffs asserted that the City acquired actual knowledge of the essential facts constituting the claim within the statutory period or a reasonable time thereafter. Plaintiff stated that he reported his accident on the day it occurred to a man named "Doug", the City's construction manager on the project. The City refuted that statement by establishing that "Doug" was the field engineer employed by the general contractor rather than by the City. Plaintiffs also stated that the City's insurance carrier had knowledge of the accident within the statutory period. The City refuted that statement by demonstrating that the insurance carrier for plaintiff's employer, which acquired actual knowledge of plaintiff's accident, was not its insurance carrier.

Additionally, the City refuted plaintiffs' assertion that the City would not be substantially prejudiced if leave were granted. Plaintiffs did not allege that the condition resulting in the accident has remained unchanged, and the City demonstrated that, because the accident occurred at an active construction site, it cannot investigate the condition that existed at the time of the accident (see, Kalenda v Buffalo Mun. Hous. Auth., 203 AD2d 937, 937-938; accord, Ribeiro v Town of N. Hempstead, 200 AD2d 730).

Finally, we conclude that plaintiffs failed to establish a reasonable excuse for their failure to serve a timely notice of claim. Thus, it cannot be said that the court abused its discretion in denying plaintiffs' motion. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Late Notice of Claim.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.