■ JOSEPH P. OATES, Appellant, v CITY OF NIAGARA FALLS, Respondent. (Appeal No. 1.) [668 NYS2d 516] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Niagara County, Koshian, J.—Notice of Claim.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.

■ JOSEPH P. OATES, Appellant, v CITY OF NIAGARA FALLS, Respondent. (Appeal No. 2.) [668 NYS2d 137] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly exercised its discretion in denying claimant's application for

leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Claimant established that, six months after his accident, the City of Niagara Falls (City) received a report indicating that he had injured his knee. The report, however, did not state that claimant had fallen from an elevated platform. Thereafter, the City heard nothing further concerning this matter until it was served with this motion, three months after receiving the report. Under those circumstances, claimant failed to demonstrate that the City had actual knowledge of the essential facts constituting the claim within the period specified in General Municipal Law § 50-e (1) (a) or a reasonable time thereafter (*see,* General Municipal Law § 50-e [5]; *see also, O'Connor v Mexico Academy & Cent. School Dist.,* 210 AD2d 917, 917-918). Further, "where there is an unexplained delay in service of a notice of claim, and prejudice to the municipality * * * the application should be denied" (*Matter of Mondaca v County of Westchester,* 195 AD2d 511, 511-512). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Renewal.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.