Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered August 2, 2002, which denied the application of claimant for leave to serve a late notice of claim.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
*996 Memorandum: Claimant, a 17-year-old high school student, injured her knee while participating in a high school track meet on May 4, 2000. By application dated February 19, 2002, claimant sought leave to serve a late notice of claim on respondents for that injury pursuant to General Municipal Law § 50-e (5). Supreme Court properly exercised its discretion in denying the application. It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining a defense on the merits (see Williams v City of Niagara Falls, 244 AD2d 1006 [1997]). Here, all three of those factors weigh against granting the application.
With respect to claimant’s failure to offer a reasonable excuse for the delay, we note that “neither infancy alone . . . nor ignorance of the law . . . provides a sufficient excuse for failure to [serve] a timely notice of claim” (Harris v City of New York, 297 AD2d 473, 473 [2002], lv denied 99 NY2d 503 [2002]). Contrary to the further contention of claimant, she failed to establish that respondents “acquired actual knowledge of the essential facts constituting the claim” within 90 days of her injury or within a reasonable time thereafter (General Municipal Law § 50-e [5]). The proposed notice of claim alleges that claimant was injured upon landing a long jump due to an insufficient amount of sand in the long jump landing pit, but respondents were not made aware of that allegation concerning the insufficient amount of sand until service of the instant application, approximately 21 months after the injury. Thus, although it is undisputed that respondents’ employees had knowledge that claimant sustained an injury inasmuch as respondents’ track coaches were present at the time of the injury, respondents did not acquire knowledge of the “essential facts constituting the claim” until approximately 21 months later (§ 50-e [5]; see Matter of Brown v County of Westchester, 293 AD2d 748, 749 [2002]; Matter of Ertel v Town of Amherst, 267 AD2d 1024 [1999]; Matter of Morrison v New York City Health & Hosps. Corp., 244 AD2d 487, 488 [1997]; cf. Bazer v Town of Walworth, 277 AD2d 994 [2000]). In addition, respondents established that they were “substantially prejudiced” by the delay (§ 50-e [5]). Because of the lapse of time and subsequent routine maintenance of the landing pit, respondents were deprived of any opportunity to investigate the quantity of sand in the landing pit at the time of *997 claimant’s injury (see Harris, 297 AD2d at 474; Morrison, 244 AD2d at 488). Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.