Appeal from that part of an order of Supreme Court, Erie County (Sedita, Jr., J.), entered September 16, 2002, that granted plaintiffs application for leave to serve a late notice of claim against defendant Buffalo Municipal Housing Authority.
It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the application is denied.
*1033 Memorandum: We agree with defendant Buffalo Municipal Housing Authority (Housing Authority) that Supreme Court abused its discretion in granting plaintiffs application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against the Housing Authority. Although courts are vested with broad discretion in determining whether to grant such an application (see Wetzel Servs. Corp. v Town of Amherst, 207 AD2d 965 [1994]), here the court abused that discretion inasmuch as plaintiff failed to establish that the Housing Authority had actual knowledge of the essential facts constituting the claim (see Nationwide Ins. Co. v Village of Alexandria Bay, 299 AD2d 855, 856 [2002]). Plaintiff stated in his supporting affidavit that he was “informed by [his] employer . . . that city police, transit patrolmen and investigators immediately investigated the accident.” That statement alone is insufficient to establish that the Housing Authority had the requisite notice of the essential facts constituting the claim (see Oates v City of Niagara Falls [appeal No. 2], 247 AD2d 829 [1998]; Matter of Dancy v Poughkeepsie Hous. Auth., 220 AD2d 413 [1995]). Present—Wisner, J.P, Hurlbutt, Scudder, Gorski and Lawton, JJ.