MONSERRATE SANTANA, Appellant, v WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Respondent. [770 NYS2d 258]—

Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered July 18, 2002, which denied claimant's application to serve a late notice of claim and, upon reargument, adhered to the decision denying the application.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied claimant's application for leave to serve a late notice of claim and, upon reargument, adhered to its decision denying the application. One of the factors that should be accorded great weight in determining whether leave to serve a late notice of claim should be granted is whether respondent had actual knowledge of the essential facts constituting the claim within 90 days of its accrual or

within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Nationwide Ins. Co. v Village of Alexandria Bay,* 299 AD2d 855, 856 [2002]). "Knowledge of the injuries or damages claimed by a [claimant], rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)" (*Lemma v Off Track Betting Corp.,* 272 AD2d 669, 671 [2000]). Here, claimant alleges that he was injured when he slipped and fell on debris at respondent's betting parlor on April 21, 2001. Respondent's incident report, however, states only that a patron complained of dizziness and requested that an ambulance be called, and claimant failed otherwise to establish that respondent had the requisite actual knowledge.

Nor has claimant established a reasonable excuse for the delay in serving the notice of claim, another key factor to consider in determining whether leave to serve a late notice of claim should be granted (*see Nationwide Ins. Co.,* 299 AD2d at 856). Mistakenly believing that respondent is a state agency, claimant's attorneys served a notice of intention to file a claim on the Attorney General's office on July 20, 2001. Respondent is a public benefit corporation for which the Attorney General is not authorized to accept service, however, and claimant's attorneys allegedly did not realize their error until nine months later, at which time they made the instant application. "Error concerning the identity of the [public] entity to be served can be excused provided that a prompt application for relief is made after discovery of the error" (*Matter of Farrell v City of New York,* 191 AD2d 698, 699 [1993]; *see Lemma,* 272 AD2d at 670). Here, claimant has shown no reasonable basis for his attorneys' initial belief that it was appropriate to serve the Attorney General rather than respondent (*see Lemma,* 272 AD2d at 670). Indeed, one of claimant's attorneys acknowledged that, when he served the Attorney General's office, it was unclear whether that office was authorized to accept such service, and claimant's attorneys nevertheless took no further action for nine months. It therefore cannot be said that claimant's delay was excusable (*see id.*).

Finally, the delay in serving the notice of claim prevented respondent "from promptly obtaining witness statements and a medical examination of [claimant] . . ., which is particularly significant in light of the evidence that there was no injury apparent immediately after the incident" (*id.* at 672). Thus, there is "patent prejudice [to respondent], in the absence of a reasonable excuse or actual knowledge of the claim" (*id.*). We therefore affirm the order. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Gorski, JJ.