■ In the Matter of TIA W. TROUTMAN, as Mother and Natural Guardian of SHEKEENA S.L.S., an Infant, Respondent, v SYRACUSE HOUSING AUTHORITY, Appellant. [827 NYS2d 796]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 13, 2006. The order granted petitioner's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the application is denied.

Memorandum: Supreme Court abused its discretion in granting petitioner's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*see generally Palumbo v City of Buffalo*, 1 AD3d 1032 [2003]). In support of her application, petitioner failed to demonstrate any nexus between the infancy of her daughter, who allegedly was diagnosed with lead poisoning as a result of her exposure to lead paint at premises owned by respondent, and the 15-year delay in seeking leave to serve the late notice of claim. "A delay of service caused by infancy would make a more compelling argument to justify an extension. Conversely, the lack of a causative nexus may make the delay less excusable, but not fatally deficient" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]). Nevertheless, we conclude that the application should have been denied based on petitioner's failure to offer a reasonable excuse or, indeed, any excuse for the 15-year delay in seeking leave to serve a late notice of claim (*see Matter of Nairne v New York City Health & Hosps. Corp.*, 303 AD2d 409, 410 [2003]; *Matter of Ertel v Town of Amherst*, 267 AD2d 1024 [1999]), petitioner's failure to establish that respondent had " 'actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)' " (*Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305 [2003], *lv denied* 2 NY3d 704 [2004]), and petitioner's failure to "rebut . . . respondent's assertion that the extensive delay in this case substantially prejudiced its ability to investigate and defend against the claim" (*Nairne*, 303 AD2d at 410; *see Matter of Landa v City of New York*, 252 AD2d 525, 526 [1998]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.