■ In the Matter of KENNETH FRIEND, SR., Respondent, v TOWN OF WEST SENECA, Respondent, and WEST SENECA CENTRAL SCHOOL DISTRICT, Appellant. [895 NYS2d 895]—

Appeal from an order of the Supreme Court, Erie County

(Frank A. Sedita, Jr., J.), entered April 24, 2009. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the application is denied.

Memorandum: Supreme Court improvidently exercised its discretion in granting claimant's application for leave to serve a late notice of claim almost 14 months after the accident in question occurred. In determining whether to grant such leave, the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality (*see Nationwide Ins. Co. v Village of Alexandria Bay*, 299 AD2d 855 [2002]; *see generally* General Municipal Law § 50-e [5]). Here, although claimant was initially unaware of the severity of his injuries, he did not seek leave to serve a late notice of claim until eight months after he underwent surgery, and he failed to offer a reasonable excuse for the postsurgery delay (*see Matter of Jantzen v Half Hollow Hills Cent. School Dist. No. 5*, 56 AD3d 474 [2008]). Additionally, there is no indication that respondents had actual notice of the accident, and we conclude that they were substantially prejudiced by the delay because they could not promptly obtain witness statements and a medical examination of claimant (*see Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304 [2003], *lv denied* 2 NY3d 704 [2004]; *Lemma v Off Track Betting Corp.*, 272 AD2d 669, 672 [2000]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.