# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**809**

**CA 11-00307**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

MONA FOLMAR, CLAIMANT-RESPONDENT,

V                                                                                    MEMORANDUM AND ORDER

LEWISTON-PORTER CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA, CONGDON, FLAHERTY,
O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (GREGORY A.
CASCINO OF COUNSEL), FOR RESPONDENT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (JEFFREY C. SENDZIAK OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

--------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered April 19, 2010. The order
granted the application of claimant for leave to serve a late notice
of claim.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the application is
denied.

Memorandum: Claimant injured her wrist on May 28, 2009 while
driving a school bus in the parking lot of respondent's property. The
injury occurred when claimant slammed on the brakes of the school bus
in order to avoid a collision with a vehicle pulling out of a parking
space, whereupon a student on the bus who was standing near the front
fell and landed on claimant's arm and wrist. We agree with respondent
that Supreme Court abused its discretion in granting claimant's
application, dated February 8, 2010, for leave to serve a late notice
of claim (*see* General Municipal Law § 50-e [5]; *Palumbo v City of
Buffalo*, 1 AD3d 1032). "It is well settled that key factors for the
court to consider in determining an application for leave to serve a
late notice of claim are whether the claimant has demonstrated a
reasonable excuse for the delay, whether [respondent] acquired actual
knowledge of the essential facts constituting the claim within 90 days
of its accrual or within a reasonable time thereafter, and whether the
delay would substantially prejudice [respondent]" (*Le Mieux v Alden
High School*, 1 AD3d 995, 996). Here, claimant failed to establish a
reasonable excuse for her failure to serve a timely notice of claim
(*see Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 539;
*Le Mieux*, 1 AD3d at 996). In addition, "[claimant] failed to
establish that [respondent] had actual knowledge of the essential

facts constituting the claim" within the requisite time period (*Palumbo*, 1 AD3d at 1033). Respondent's "knowledge of the accident and the injury, without more, does not constitute 'actual knowledge of the essential facts constituting the claim' " (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147). The proposed notice of claim alleges that claimant was injured because a bus aide employed by respondent was negligent in supervising the children on the bus. Moreover, the proposed notice of claim alleges that respondent is vicariously liable for the actions of the teacher who drove his vehicle into the path of the bus. The record supports respondent's contention that it was not aware of those allegations until claimant made the instant application, and thus was unaware of any facts to suggest that it was responsible for claimant's injuries despite its knowledge that the accident occurred (*see Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318-1319; *Le Mieux*, 1 AD3d at 996). Finally, respondent established that it would be prejudiced by the delay in serving the late notice of claim (*see Le Mieux*, 1 AD3d at 996-997).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court