# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

408

CA 12-02095

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

DAVID H. DALTON, II, CLAIMANT-RESPONDENT,

V                                     MEMORANDUM AND ORDER

AKRON CENTRAL SCHOOLS, RESPONDENT-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO, CONGDON FLAHERTY O'CALLAGHAN REID DONLON TRAVIS & FISHLINGER, UNIONDALE (GREGORY A. CASCINO OF COUNSEL), FOR RESPONDENT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANT-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 30, 2012. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Claimant was allegedly injured when he stepped out of his vehicle and slipped on snow or ice in a parking lot of a school in respondent's school district. Respondent contends that Supreme Court erred in granting claimant's application for leave to serve a late notice of claim because it did not have actual knowledge of the essential facts of the claim within 90 days of the incident; claimant failed to provide an excuse for not serving a timely notice of claim; and it is severely prejudiced because the accident allegedly occurred more than 13 months before claimant sought leave to serve a late notice of claim. We affirm.

A notice of claim must be served within 90 days after the claim accrues, although a court may grant leave extending that time, provided that the application therefor is made before the expiration of the statute of limitations period of one year and 90 days (*see* General Municipal Law § 50-e [1] [a]; [5]). The decision whether to grant such leave "compels consideration of all relevant facts and circumstances," including the "nonexhaustive list of factors" in section 50-e (5) (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539). The three main factors are "whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (*Matter of Friend v Town of W. Seneca*, 71 AD3d 1406,

1407; *see generally* § 50-e [5]).  "[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative" (*Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 938-939), and "[t]he court is vested with broad discretion to grant or deny the application" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965, 965).  Absent a "clear abuse" of the court's broad discretion, "the determination of an application for leave to serve a late notice of claim will not be disturbed" (*Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1315 [internal quotation marks omitted]).

A factor to be accorded great weight in determining whether to grant leave to serve a late notice of claim is whether the respondent had actual knowledge of the facts underlying the claim, including knowledge of the injuries or damages (*see e.g. Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1304-1305, *lv denied* 2 NY3d 704), and the claimant bears the burden of demonstrating that the respondent had actual knowledge (*see Matter of Riordan v East Rochester Schs.*, 291 AD2d 922, 923, *lv denied* 98 NY2d 603).  Here, the record establishes that claimant met his burden of demonstrating that respondent had actual knowledge of the incident, including knowledge of claimant's injuries.  Claimant averred in his affidavit in support of his application that, "[o]n December 2, 2010 at approximately 7:00 a.m., I was injured when I slipped and fell in the contractor's parking lot of Akron Central Schools due to the icy and slippery conditions in the parking lot (hereinafter 'the incident')." Claimant's definition of "the incident" thus includes the manner in which the accident occurred, as well as the injuries resulting therefrom.  Claimant further averred in his affidavit that, after he fell, he went inside the school and told school employees about "the incident."  Because the incident was defined in his affidavit as both the fall in the parking lot and the injuries resulting therefrom, we conclude that the court did not abuse its discretion in determining that respondent had actual knowledge of the underlying occurrence and claimant's injuries.  Moreover, the record establishes that claimant's prompt notice to respondent enabled respondent to commence a timely investigation of the incident and thus there was no prejudice to respondent (*cf. Le Mieux v Alden High Sch.*, 1 AD3d 995, 996-997).  The court therefore properly allowed the service of the late notice of claim (*see Wetzel Servs. Corp.*, 207 AD2d at 965; *see also McBee v County of Onondaga*, 34 AD3d 1360, 1360).

All concur except SMITH, J.P., and LINDLEY, J., who dissent and vote to reverse in accordance with the following Memorandum:  We respectfully dissent.  Where, as here, a claimant does not offer a reasonable excuse for failing to serve a timely notice of claim, Supreme Court may grant leave to serve a late notice of claim only if the respondent has actual knowledge of the essential facts underlying the claim and there is no compelling showing of prejudice to the respondent (*see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435; *see also Matter of Trotman v Rochester City Sch. Dist.*, 67 AD3d 1484, 1485).  It is well settled that "[k]nowledge of the injuries or damages claimed by a [claimant], rather than mere notice of the underlying occurrence, is necessary to

establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)" (*Santana v Western Regional Off-Track Betting Corp*., 2 AD3d 1304, 1305, *lv denied* 2 NY3d 704 [internal quotation marks omitted]; *see Lewis v Northpole Fire Co., Inc.*, 11 AD3d 911, 911).

Here, in support of his application for leave to serve a late notice of claim, claimant offered evidence that he provided respondent with actual notice that he had fallen in respondent's parking lot, but he failed to meet his burden of establishing that he had provided respondent with actual notice that he had been injured as a result of that fall. We cannot agree with the majority that claimant averred in his affidavit that he informed respondent's employees of his injury. Indeed, during oral argument of this appeal, claimant's attorney conceded that he did not interpret his client's affidavit in that manner. Moreover, despite the fact that respondent repeatedly asserted in its appellant's brief that it was unaware that claimant had been injured, claimant did not dispute that point in his respondent's brief or even before us at oral argument. Instead, claimant's brief merely asserts that he put respondent "on notice that he had slipped and fallen due to [respondent's] negligent failure to maintain the parking lot as it should have been."

We conclude that, because claimant did not offer a reasonable excuse for failing to serve a timely notice of claim and failed to meet his burden of establishing that respondent had actual notice of the essential facts underlying the claim, the court abused its discretion in granting claimant's application (*see Folmar v Lewiston-Porter Cent. Sch. Dist*., 85 AD3d 1644, 1645; *Matter of Troutman v Syracuse Hous. Auth*., 35 AD3d 1252, 1253).

Entered:  June 14, 2013                    Frances E. Cafarell
                                          Clerk of the Court