*1518 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 30, 2012. The order granted the application of claimant for leave to serve a late notice of claim.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Claimant was allegedly injured when he stepped out of his vehicle and slipped on snow or ice in a parking lot of a school in respondent’s school district. Respondent contends that Supreme Court erred in granting claimant’s application for leave to serve a late notice of claim because it did not have actual knowledge of the essential facts of the claim within 90 days of the incident; claimant failed to provide an excuse for not serving a timely notice of claim; and it is severely prejudiced because the accident allegedly occurred more than 13 months before claimant sought leave to serve a late notice of claim. We affirm.
A notice of claim must be served within 90 days after the claim accrues, although a court may grant leave extending that time, provided that the application therefor is made before the expiration of the statute of limitations period of one year and 90 days (see General Municipal Law § 50-e [1] [a]; [5]). The decision whether to grant such leave “compels consideration of all relevant facts and circumstances,” including the “nonexhaustive list of factors” in section 50-e (5) (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). The three main factors are “whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality” (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [2010]; see generally § 50-e [5]). “[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative” (Salvaggio v Western Regional Off-Track Betting Corp., 203 AD2d 938, 938-939 [1994]), and “[t]he court is vested with broad discretion to grant or deny the application” (Wetzel Servs. Corp. v Town of Amherst, 207 AD2d 965, 965 [1994]). Absent a “clear abuse” of the court’s broad discretion, “the determination of an application for leave to serve a late notice of claim will not be disturbed” (Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315 [2010] [internal quotation marks omitted]).
A factor to be accorded great weight in determining whether to grant leave to serve a late notice of claim is whether the re *1519 spondent had actual knowledge of the facts underlying the claim, including knowledge of the injuries or damages (see e.g. Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1304-1305 [2003], lv denied 2 NY3d 704 [2004]), and the claimant bears the burden of demonstrating that the respondent had actual knowledge (see Matter of Riordan v East Rochester Schools, 291 AD2d 922, 923 [2002], lv denied 98 NY2d 603 [2002]). Here, the record establishes that claimant met his burden of demonstrating that respondent had actual knowledge of the incident, including knowledge of claimant’s injuries. Claimant averred in his affidavit in support of his application that “[o]n December 2, 2010 at approximately 7:00 a.m., I was injured when I slipped and fell in the contractor’s parking lot of Akron Central Schools due to the icy and slippery conditions in the parking lot (hereinafter ‘the incident’).” Claimant’s definition of “the incident” thus includes the manner in which the accident occurred, as well as the injuries resulting therefrom. Claimant further averred in his affidavit that, after he fell, he went inside the school and told school employees about “the incident.” Because the incident was defined in his affidavit as both the fall in the parking lot and the injuries resulting therefrom, we conclude that the court did not abuse its discretion in determining that respondent had actual knowledge of the underlying occurrence and claimant’s injuries. Moreover, the record establishes that claimant’s prompt notice to respondent enabled respondent to commence a timely investigation of the incident and thus there was no prejudice to respondent (cf. Le Mieux v Alden High School, 1 AD3d 995, 996-997 [2003]). The court therefore properly allowed the service of the late notice of claim (see Wetzel Servs. Corp., 207 AD2d at 965; see also McBee v County of Onondaga, 34 AD3d 1360, 1360 [2006]).
All concur except Smith, J.P., and Bindley, J., who dissent and vote to reverse in accordance with the following memorandum.