Smith, J.P., and Lindley, J.
(dissenting). We respectfully dissent. Where, as here, a claimant does not offer a reasonable excuse for failing to serve a timely notice of claim, Supreme Court may grant leave to serve a late notice of claim only if the respondent has actual knowledge of the essential facts underlying the claim and there is no compelling showing of prejudice to the respondent (see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009]; see also Matter of Trotman v Rochester City School Dist., 67 AD3d 1484, 1485 [2009]). It is well settled that “[k]nowledge of the injuries or damages claimed by a [claimant], rather than mere notice of the underlying occurrence, is necessary to establish actual *1520 knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)” (Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1305 [2003], lv denied 2 NY3d 704 [2004] [internal quotation marks omitted]; see Lewis v Northpole Fire Co., Inc., 11 AD3d 911, 911 [2004]).
Here, in support of his application for leave to serve a late notice of claim, claimant offered evidence that he provided respondent with actual notice that he had fallen in respondent’s parking lot, but he failed to meet his burden of establishing that he had provided respondent with actual notice that he had been injured as a result of that fall. We cannot agree with the majority that claimant averred in his affidavit that he informed respondent’s employees of his injury. Indeed, during oral argument of this appeal, claimant’s attorney conceded that he did not interpret his client’s affidavit in that manner. Moreover, despite the fact that respondent repeatedly asserted in its appellant’s brief that it was unaware that claimant had been injured, claimant did not dispute that point in his respondent’s brief or even before us at oral argument. Instead, claimant’s brief merely asserts that he put respondent “on notice that he had slipped and fallen due to [respondent’s] negligent failure to maintain the parking lot as it should have been.”
We conclude that, because claimant did not offer a reasonable excuse for failing to serve a timely notice of claim and failed to meet his burden of establishing that respondent had actual notice of the essential facts underlying the claim, the court abused its discretion in granting claimant’s application (see Folmar v Lewiston-Porter Cent. School Dist., 85 AD3d 1644, 1645 [2011]; Matter of Troutman v Syracuse Hous. Auth., 35 AD3d 1252, 1253 [2006]). Present — Smith, J.P., Fahey, Peradotto, Lindley and Whalen, JJ.