Appeals from an order of the Supreme Court, Erie County (John F. O’Donnell, J.), entered February 1, 2013. The order granted the application of claimant for leave to serve a late notice of claim.
It is hereby ordered that the order so appealed from is reversed on the law without costs and the application is denied.
Memorandum: We agree with respondents that Supreme Court abused its discretion in granting claimant’s application seeking leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). On February 4 and 5, 2011, claimant, then a 16-year-old student at respondent West Seneca East Senior High School, participated in the Section VI high school wrestling championship (tournament) held at respondent Starpoint High School in Lockport. It is undisputed that one of the wrestlers at the tournament, from respondent Iroquois Central High School, had a highly contagious virus. In September 2012, approximately five months after he reached the age of majority and 19 months after the tournament, claimant sought leave to serve a late notice of claim against respondents, alleging that he had contracted herpes from the infected wrestler and that respondents were negligent in, among other things, allowing the infected wrestler to participate in the tournament and in failing to take reasonable steps to avoid claimant’s injury.
*1171 In seeking leave of the court to file a late notice of claim, claimant offered no excuse, reasonable or otherwise, for failing to serve a timely notice of claim. In support of his application, however, claimant asserted that respondents had actual knowledge of the facts underlying his claim because another student who allegedly contracted herpes from the same wrestler at the tournament had served a timely notice of claim against respondents Starpoint High School and Iroquois Central High School. Claimant further asserted that respondents had actual knowledge based on Health Advisory #279a, issued by the Erie County Department of Health (DOH) on February 11, 2011 to all school districts in Erie and Niagara Counties. The advisory stated that DOH was investigating “several cases of skin infection in high school wrestlers” who had participated in the tournament, and it also identified all schools that had participated in the tournament. Finally, claimant contended that respondents had suffered no prejudice from his failure to serve a timely notice of claim. The court granted the application, and we now reverse.
Where a claimant does not offer a reasonable excuse for failing to serve a timely notice of claim, a court may grant leave to serve a late notice of claim only if the respondent has actual knowledge of the essential facts underlying the claim, there is no compelling showing of prejudice to the respondent (see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009]), and the claim does not “patently lack[ ] merit” (Matter of Hess v West Seneca Cent. School Dist., 15 NY3d 813, 814 [2010]; see Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]). Here, respondents asserted that, until claimant made the instant application, they had no knowledge that he had contracted herpes or otherwise had been injured at the tournament. Although claimant offered no evidence to the contrary, he essentially contended that respondents should have known of his injury because another wrestler had filed a timely notice of claim regarding an identical injury and because respondents had received Health Advisory #279a.
As we have repeatedly stated, actual knowledge of the essential facts of a claim requires “[k]nowledge of the injuries or damages claimed by a [claimant], rather than mere notice of the underlying occurrence” (Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1305 [2003], lv denied 2 NY3d 704 [2004] [internal quotation marks omitted]; see Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [2013]). Here, claimant’s proof in support of his application establishes, at most, that respondents had constructive knowledge of his claim. In other *1172 words, there is nothing in the notice of claim filed by the other wrestler who was infected at the tournament or in Health Advisory #279a that gave respondents actual knowledge that claimant was similarly injured.
Thus, even assuming, arguendo, that respondents suffered no prejudice from the delay and that the proposed claim against them does not patently lack merit, we conclude that the court abused its discretion in granting claimant’s application for leave to serve a late notice of claim (see Palumbo v City of Buffalo, 1 AD3d 1032, 1033 [2003]).
All concur except Fahey and Whalen, JJ., who dissent and vote to affirm in the following memorandum.