# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**495**

**CA 15-01775**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

ANDREA ROTELLA DIEZ, AS PARENT AND NATURAL
GUARDIAN OF A.R., AN INFANT,
CLAIMANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEWISTON-PORTER CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (JOSHUA BLOOM OF COUNSEL),
FOR RESPONDENT-APPELLANT.

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MATTHEW T. MOSHER OF
COUNSEL), FOR CLAIMANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 18, 2014. The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is denied.

Memorandum: Supreme Court abused its discretion in granting claimant's application for leave to serve a late notice of claim almost three years and eight months after the accident in question occurred. "In determining whether to grant such leave, the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (*Matter of Friend v Town of W. Seneca*, 71 AD3d 1406, 1407). Claimant's excuse that she was "unaware of the severity of [her daughter's] injury is unavailing without supporting medical evidence explaining why the possible permanent effects of the injury took so long to become apparent and be diagnosed" (*Matter of Felice v Eastport/South Manor Cent. Sch. Dist.*, 50 AD3d 138, 151). Thus, claimant's affidavit, without more, is insufficient to demonstrate a reasonable excuse for her failure to serve a timely notice of claim (*see id.* at 150-151). Further, claimant failed to establish that respondent had actual knowledge of the essential facts constituting the claim within the requisite time period (*see Folmar v Lewiston-Porter Cent. Sch. Dist.*, 85 AD3d 1644, 1645). "Respondent's knowledge of the accident and the injury, without more, does not

constitute actual knowledge of the essential facts constituting the claim" (*id.* [internal quotation marks omitted]; *see Le Mieux v Alden High Sch.*, 1 AD3d 995, 996).  Finally, respondent was substantially prejudiced by the delay because it could not promptly obtain witness statements and a medical examination of claimant's daughter, which is particularly significant in light of the evidence that there was no serious injury apparent immediately after the incident (*see generally Friend*, 71 AD3d at 1407; *Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305, *lv denied* 2 NY3d 704).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                Clerk of the Court