# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1013**
**CA 15-01958**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MALACHI FICEK,
CLAIMANT-RESPONDENT,

V                                            MEMORANDUM AND ORDER

AKRON CENTRAL SCHOOL DISTRICT, SALAMANCA CITY
CENTRAL SCHOOL DISTRICT, RESPONDENTS-APPELLANTS,
ET AL., RESPONDENTS.

---

CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER,
UNIONDALE (CHRISTINE GASSER OF COUNSEL), FOR RESPONDENT-APPELLANT
AKRON CENTRAL SCHOOL DISTRICT.

SUGARMAN LAW FIRM, LLP, BUFFALO (BRENNA C. GUBALA OF COUNSEL), FOR
RESPONDENT-APPELLANT SALAMANCA CITY CENTRAL SCHOOL DISTRICT.

LEWIS & LEWIS, P.C., JAMESTOWN (JOHN I. LAMANCUSO OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 6, 2015.  The order granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying claimant's application with respect to respondent Akron Central School District, and as modified the order is affirmed without costs.

Memorandum:  In a case very similar to another case brought before us (*Matter of Candino v Starpoint Cent. Sch. Dist.*, 115 AD3d 1170, *affd* 24 NY3d 925), this appeal involves a wrestler (claimant) at respondent Salamanca City Central School District (Salamanca) alleging that he contracted herpes from another wrestler at respondent Akron Central School District (Akron) during a high school wrestling tournament.  Supreme Court granted claimant's application for leave to serve a late notice of claim brought 13 months after the incident. Salamanca and Akron now appeal.

"A timely notice of claim[, i.e., within 90 days after accrual of the claim,] must be served upon a school district before an injured person may commence a tort action against the district" (*Matter of Felice v Eastport/South Manor Cent. Sch. Dist.*, 50 AD3d 138, 143; *see* Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). Courts have broad discretion in determining whether to grant an

application for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535; *Palumbo v City of Buffalo,* 1 AD3d 1032, 1033). " 'In determining whether to grant such leave, the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the [district] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the [district]' " (*Diez v Lewiston-Porter Cent. Sch. Dist.*, 140 AD3d 1665, 1665; *see Brown v City of Buffalo*, 100 AD3d 1439, 1440-1441; *see generally* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]).

In support of his application, claimant offered as an excuse for failing to serve a timely notice of claim only the fact that he was an infant at the time he was diagnosed with herpes. " '[N]either infancy alone . . . nor ignorance of the law . . . provides a sufficient excuse for failure to [serve] a timely notice of claim' " (*Le Mieux v Alden High Sch.*, 1 AD3d 995, 996; *see Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d 870, 871; *Felice*, 50 AD3d at 150). Claimant did not "demonstrate[] any specific nexus between [his] infancy and [his] delay in serving a late notice of claim" (*Rose v Rochester Hous. Auth.*, 52 AD3d 1268, 1269). The remaining reasons set forth by claimant for failing to serve a timely notice of claim were improperly raised for the first time in his reply papers (*see Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959; *see generally Mikulski v Battaglia*, 112 AD3d 1355, 1356). Nevertheless, the failure to offer an excuse for the delay " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondents]' " (*Shaul v Hamburg Cent. Sch. Dist.*, 128 AD3d 1389, 1389; *see Terrigino v Village of Brockport*, 88 AD3d 1288, 1288; *Matter of Gilbert v Eden Cent. Sch. Dist.*, 306 AD2d 925, 926).

With respect to the actual knowledge of the essential facts underlying the claim, the evidence established that, shortly after the tournament, Akron became aware that its wrestler had been diagnosed with herpes. Akron notified the Section VI Executive Director, who sent an email to athletic directors notifying them that he was informed of confirmed cases of herpes involving a particular weight class and directing them to have their wrestlers checked for that condition. The evidence also established that Salamanca learned shortly after the tournament that claimant had been diagnosed with herpes. In addition, both Akron and Salamanca were aware that a parent of another student had served a timely notice of claim against Akron, alleging that its wrestler had infected her son.

We reject Salamanca's contention that it did not have actual knowledge of the essential facts constituting the claim. Salamanca had actual knowledge of the injuries or damages sustained by claimant, and this is not a situation where it was unaware of the "the facts . . . underlying the claim" (*Williams*, 6 NY3d at 537; *cf. Diez*, 140 AD3d at 1666; *Le Mieux*, 1 AD3d at 996). We reject Salamanca's further contentions that it would be prejudiced by the late notice (*see Matter of Lindstrom v Board of Educ. of Jamestown City Sch. Dist.*, 24 AD3d

1303, 1304), and that the claim "patently lacks merit" (*Hess v West Seneca Cent. Sch. Dist.*, 15 NY3d 813, 814; *see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179).

We agree with Akron, however, that it did not have actual knowledge of the essential facts constituting the claim. Akron established that it was not aware until it received claimant's application for leave to serve a late notice of claim that he was allegedly infected with herpes by wrestling Akron's student at the tournament. As with the claimant in *Candino*, claimant here established that, at most, Akron had constructive knowledge of the claim, which is insufficient (*see Candino*, 115 AD3d at 1171-1172). It is well settled that actual knowledge of the claim is the factor that is accorded "great weight" in determining whether to grant leave to serve a late notice of claim (*Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1304-1305; *see Williams*, 6 NY3d at 535; *Matter of Turlington v Brockport Cent. Sch. Dist.*, ___ AD3d ___, ___ [Oct. 7, 2016]). Even if we agree with claimant that Akron suffered no prejudice from the delay, we nevertheless conclude that the court abused its discretion in granting claimant's application for leave to serve a late notice of claim against Akron (*see Candino*, 115 AD3d at 1172), and we therefore modify the order accordingly.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court