■ JEFFREY TATE, Respondent, v STATE UNIVERSITY CON-STRUCTION FUND, Appellant. [58 NYS3d 783]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 13, 2016. The order granted claimant's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the application is denied.

Memorandum: Claimant was injured in April 2015 in a work-related accident at a construction site. Respondent had contracted for the performance of the work by an entity known as Northland, which had subcontracted with claimant's employer. We agree with respondent that Supreme Court, which did not issue a decision indicating its rationale, abused its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) and Education Law § 376-a (2) (*see Folmar v Lewiston-Porter Cent. School Dist.*, 85 AD3d 1644, 1645 [2011]; *Palumbo v City of Buffalo*, 1 AD3d 1032, 1033 [2003]). "In determining whether to grant such leave, the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (*Matter of Friend v Town of W. Seneca*, 71 AD3d 1406, 1407 [2010]; *see generally* General Municipal Law § 50-e [5]).

Here, claimant failed to demonstrate a reasonable excuse for his failure to serve the notice of claim within 90 days of the claim's accrual or within a reasonable time thereafter (*see Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 539

[2007]; *Le Mieux v Alden High School*, 1 AD3d 995, 996 [2003]). A claimant's mistaken belief that workers' compensation is his or her sole remedy does not constitute a reasonable excuse (*see Singh v City of New York*, 88 AD3d 864, 864 [2011]; *Matter of Hurley v Avon Cent. School Dist.*, 187 AD2d 982, 983 [1992]). Furthermore, given that claimant was diagnosed with a torn right meniscus in August 2015, his assertion that he did not know the extent of his injuries does not constitute a reasonable excuse for his failure to serve or seek permission to serve a notice of claim until March 2016 (*see Heffelfinger*, 43 AD3d at 539).

Moreover, claimant is unable to show that respondent had "actual knowledge of the essential facts constituting the claim within" the first 90 days after the accident or a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Folmar*, 85 AD3d at 1645; *Palumbo*, 1 AD3d at 1033). "Contrary to claimant's contention, the accident report [prepared by Northland based on information supplied by claimant] did not impute to respondent the requisite actual knowledge inasmuch as the evidence in the record failed to establish that [Northland] was an agent of respondent" (*Kennedy v Oswego City Sch. Dist.*, 148 AD3d 1790, 1791 [2017]; *see Mehra v City of New York*, 112 AD3d 417, 418 [2013]; *Williams v City of Niagara Falls*, 244 AD2d 1006, 1007 [1997]). In any event, we conclude that the accident report would have been insufficient to provide respondent with actual knowledge of the essential facts constituting the claim inasmuch as the report described the accident and claimant's injuries in only vague and general terms that differed from the detail set forth in the proposed notice of claim, and the accident report drew no connection between the accident and any liability on the part of respondent (*see Kennedy*, 148 AD3d at 1791; *Mehra*, 112 AD3d at 418).

Finally, we agree with respondent that claimant failed to sustain his burden of showing that a late notice of claim would not substantially prejudice respondent's interests (*see Kennedy*, 148 AD3d at 1792; *see generally Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016], *rearg denied* 29 NY3d 963 [2017]). Indeed, respondent affirmatively showed that it would be prejudiced (*see Folmar*, 85 AD3d at 1645; *Le Mieux*, 1 AD3d at 996-997). Given our determination, we do not consider respondent's contention regarding the asserted patent lack of merit of the proposed claim. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.