Vitko v Simon (2020 NY Slip Op 00764)





Vitko v Simon


2020 NY Slip Op 00764


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1211 CA 19-00604

[*1]TERESA VITKO, PLAINTIFF-RESPONDENT,
v
SCOTT S. SIMON, DEFENDANT, AND TOWN OF ORCHARD PARK, DEFENDANT-APPELLANT. 






SUGARMAN LAW FIRM LLP, BUFFALO (MARINA A. MURRAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
FRIEDMAN & RANZENHOFER, P.C., AKRON (SAMUEL A. ALBA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered October 9, 2018. The order granted the application of plaintiff for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is denied.
Memorandum: Supreme Court abused its discretion in granting plaintiff's application for leave to serve a late notice of claim against defendant Town of Orchard Park (Town) nearly 11 months after the incident in question occurred (see generally Tate v State Univ. Constr. Fund, 151 AD3d 1865, 1865 [4th Dept 2017]). "In determining whether to grant such leave, the court must consider, inter alia, whether the [plaintiff] has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see King v Niagara Falls Water Auth., 147 AD3d 1398, 1399 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see generally General Municipal Law § 50-e [5]). Here, plaintiff failed to meet her burden of demonstrating that the Town had actual knowledge of the incident within 90 days of its occurrence (see Powell v Central N.Y. Regional Transp. Auth., 169 AD3d 1412, 1413-1414 [4th Dept 2019], lv denied 34 NY3d 904 [2019]; Friend, 71 AD3d at 1407). Indeed, plaintiff does not dispute that the Town lacked actual knowledge of any injury at the subject property until the Town was served with plaintiff's application. Plaintiff likewise failed to establish a reasonable excuse for her failure to timely serve the notice of claim, and to establish that a late notice of claim would not substantially prejudice the Town's interests (see generally Tate, 151 AD3d at 1865-1866; Andrews v Long Is. R.R., 110 AD3d 653, 654 [2d Dept 2013]; Matter of Portnov v City of Glen Cove, 50 AD3d 1041, 1043 [2d Dept 2008]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court