Matter of Mary Beth B. v West Genesee Cent. Sch. Dist. (2020 NY Slip Op 04630)





Matter of Mary Beth B. v West Genesee Cent. Sch. Dist.


2020 NY Slip Op 04630


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


82 CA 19-01320

[*1]IN THE MATTER OF MARY BETH B., AS MOTHER AND NATURAL GUARDIAN OF J.B., CLAIMANT-RESPONDENT,
v
WEST GENESEE CENTRAL SCHOOL DISTRICT, RESPONDENT-APPELLANT. 






THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COZEN O'CONNOR, NEW YORK CITY (CHRISTOPHER C. FALLON, JR., OF COUNSEL), AND CHERUNDOLO LAW FIRM, SYRACUSE, FOR CLAIMANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 9, 2019. The order, insofar as appealed from, granted in part claimant's application for leave to serve a late notice of claim. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the application is denied in its entirety.
Memorandum: Respondent appeals from that part of an order that granted claimant's application for leave to serve a late notice of claim with respect to those claims asserted on behalf of her child following a March 2016 assault of the child by another student. We agree with respondent that Supreme Court abused its discretion in granting that part of the application (see Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013]). We therefore reverse the order insofar as appealed from and deny the application in its entirety.
" In determining whether to grant such leave, the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality' " (Tate v State Univ. Constr. Fund, 151 AD3d 1865, 1865 [4th Dept 2017]; see Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see generally General Municipal Law § 50-e [5]). Initially, claimant failed to establish a reasonable excuse for her failure to serve a timely notice of claim (see Folmar v Lewiston-Porter Cent. School Dist., 85 AD3d 1644, 1645 [4th Dept 2011]). Even if claimant was " initially unaware of the severity of [her child's] injuries' " (Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1791 [4th Dept 2017]), as claimant argued in her application, she conceded in her reply affidavit that the child's neurologist directed that the child be homeschooled as a result of seizures and blackouts in November 2016. Claimant "did not seek leave to serve a late notice of claim until [two years after that diagnosis] . . . , and [s]he failed to offer a reasonable excuse for the [post-diagnosis] delay" (id.). Further, claimant failed to submit "supporting medical evidence explaining why the possible permanent effects of the injury took so long to become apparent and be diagnosed" (Diez v Lewiston-Porter Cent. Sch. Dist., 140 AD3d 1665, 1666 [4th Dept 2016] [internal quotation marks omitted]). There is also "no evidence in the record that [the child's] infancy made it more difficult to diagnose the possible permanence of her injury" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151 [2d Dept 2008]).
A claimant's failure to demonstrate a reasonable excuse for the delay "is not fatal where . [*2]. . actual notice was had and there is no compelling showing of prejudice to [respondent]" (Shaul v Hamburg Cent. Sch. Dist., 128 AD3d 1389, 1389 [4th Dept 2015] [internal quotation marks omitted]). However, a respondent's "knowledge of the accident and the injury, without more, does not constitute actual knowledge of the essential facts constituting the claim" (Folmar, 85 AD3d at 1645 [internal quotation marks omitted]; see Kennedy, 148 AD3d at 1791; Diez, 140 AD3d at 1666). Here, claimant described the assault on her child as "unprovoked," and the accident report prepared contemporaneously by a school nurse, which claimant submitted with her reply affidavit, describes a single punch resulting only in a headache and swollen face. Inasmuch as "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Hale v Holley Cent. Sch. Dist., 159 AD3d 1509, 1510 [4th Dept 2018], lv denied 31 NY3d 913 [2018]), we agree with respondent that the known facts failed to give "reasonable notice from which it could be inferred that a potentially actionable wrong had been committed by [respondent]" (Matter of Lavender v Garden City Union Free School Dist., 93 AD3d 670, 671 [2d Dept 2012]; see Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]).
Finally, with respect to the remaining factor, substantial prejudice, "the burden initially rests on the [claimant] to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the [claimant] must present some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016], rearg denied 29 NY3d 963 [2017]). Although claimant's assertion that the child was interviewed by the school resource officer and examined by a school nurse could constitute a "plausible argument that supports a finding of no substantial prejudice" (id.), that assertion was made for the first time in claimant's reply papers. Claimant's initial submission contained only a conclusory allegation, unsupported by any factual detail, that respondent conducted an investigation. Inasmuch as claimant could not meet her initial burden by relying on evidence submitted for the first time in her reply papers (see GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc., 35 AD3d 535, 535 [2d Dept 2006]), the burden never shifted to respondent to show substantial prejudice.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court