Matter of Wisnowski v City of Buffalo (2025 NY Slip Op 03886)

Matter of Wisnowski v City of Buffalo

2025 NY Slip Op 03886

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

308 CA 24-01329

[*1]IN THE MATTER OF THOMAS WISNOWSKI, CLAIMANT-APPELLANT,
v
CITY OF BUFFALO AND 4TH GENERATION CONSTRUCTION, RESPONDENTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR CLAIMANT-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR RESPONDENT-RESPONDENT CITY OF BUFFALO. 
PILLINGER MILLER TARALLO, LLP, SYRACUSE (MARIA MASTRIANO OF COUNSEL), FOR RESPONDENT-RESPONDENT 4TH GENERATION CONSTRUCTION. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered July 31, 2024. The order denied the application of claimant for leave to serve a late notice of claim and to compel respondents to submit to pre-action discovery. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the application is granted in part, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Claimant appeals from an order that denied his application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) and to compel respondents to submit to pre-action discovery.
In determining whether to grant an application for leave to serve a late notice of claim, "the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). " 'While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [municipality] received actual knowledge of the facts constituting the claim in a timely manner' " (Turlington, 143 AD3d at 1248; see Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1603 [4th Dept 2016]). 
Claimant allegedly sustained injuries while working as a laborer for respondent 4th Generation Construction at a construction site owned by respondent City of Buffalo (City). In support of his application, claimant sought, inter alia, any incident reports concerning the accident and any correspondence between respondents concerning the accident. Claimant alleged that he told his employer about the incident five days after it occurred and believed that his employer notified the City of the accident at that time.
We agree with claimant that Supreme Court abused its discretion in denying that part of his application seeking pre-action discovery (see CPLR 3102 [c]). Under the circumstances of this case, claimant demonstrated that pre-suit discovery is needed in support of his application for leave to serve a late notice of claim for the purpose of establishing when the City had actual knowledge of the facts constituting the claim (see generally Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1654-1655 [4th Dept 2018]). We therefore reverse the order and [*2]grant the application to that extent, and we remit the matter to Supreme Court to determine the extent of the pre-action discovery that is warranted and, after such discovery, to determine de novo that part of claimant's application seeking leave to serve a late notice of claim.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court